IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| Terrence Dimingo Terry, | ) | C/A No. 6:10-2008-JFA-KFM |
|---|---|---|
| | ) | C/A No. 6:10-2009-JFA-KFM |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Mr. Leroy Cartledge, Warden of McCormick Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on *pro se* petitioner's applications for habeas corpus relief under 28 U.S.C. § 2254.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that habeas relief should be dismissed without prejudice and appended to petitioner's earlier habeas corpus petition. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

The petitioner was advised of his right to file objections to the Report and Recommendation, however, he has not done so within the time limits prescribed.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

The Magistrate Judge notes that the petitioner has filed three habeas applications under § 2254, all of which attack the same conviction and sentence imposed by the State of South Carolina on March 8, 2005. While the three separate petitions raise distinct grounds for relief, they all relate to petitioner's original state court conviction. As such, the Magistrate Judge suggests that the three petitions should be combined into one for purposes of judicial economy, as well as to prevent any possible bar on the latter cases due to successiveness.

Specifically, in his first habeas action (C/A No. 6:10-2006-JFA-KFM), petitioner raises grounds of prosecutorial misconduct and ineffective assistance of trial counsel. In his second action (C/A No. 6:10-2008-JFA-KFM), petitioner claims alleged errors during his Post-Conviction Relief (PCR) proceedings in state court. In his third petition (C/A No. 6:10-2009-JFA-KFM), petitioner claims further alleged errors with the PCR court's decision.

Finding the Magistrate Judge's recommendation appropriate, and with no objection from the petitioner, the court will accept the Report and Recommendation and incorporates such herein.

The Clerk is directed to append each of petitioner's habeas corpus petitions (including attachments thereto) filed in C/A 6:10-2008 and 6:10-2009 to the petition filed in 6:10-2006, so that all of petitioner's arguments may be combined into one complete petition. The court notes that the Magistrate Judge has authorized service of process of the complete petition upon the respondent. The Clerk shall also dismiss, without prejudice, the civil actions numbered 6:10-2008 and 6:10-2009.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

September 20, 2010
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge